

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Otto P. Moore
County Attorney
Colorado County
Columbus, Texas

Dear Mr. Moore:

Opinion No. O-5719
Re: Can the County Tax Collector
legally accept or collect taxes
on property one year in advance
of the current year, and before
the said property has been assessed
for said year, and before the rolls
have been made up for the said year?
And another question.

This office is in receipt of your request for an opinion. Your request is as follows:

"I would very much appreciate a ruling from the Attorney General's Department on the following questions:

"The facts are that the Shell Oil Company of Houston, Texas, has some producing oil wells in the Sheridan Common School District No. 43 of Colorado County, Texas, and therefore the said Company pays certain school taxes each year to the regular County Tax Collector of said County. The Shell Oil Company wants to advance $1000.00 to the Sheridan Common School District No. 43 of said County on their 1944 school taxes. The School Trustees of said district wants the regular County Tax Collector to accept the money for next years taxes and to give the Shell Oil Company a regular tax receipt for said taxes. The Tax Collector refuses to accept the money for said taxes and tells them he cannot legally accept same or issue a receipt before October 1, 1944. The said parties are very insistent and therefore we would appreciate a ruling from your Department on the following questions:

"1. Can a duly elected and qualified County Tax Collector legally accept or collect taxes on property one year in advance of the current year and before the property has been assessed for said year and before the rolls have been made up for the said year?

"2. If your answer is in the affirmative, could the County Tax Collector issue a valid tax receipt for the same? * * *"

Your request for an opinion is accompanied by a brief written by you, which has been quite helpful to us and we thank you for it.

In answer to your first question, we observe as follows:

While it is the function and duty of the tax collector to collect taxes, he has no lawful authority to compromise claims for taxes, or give a discount for payment of taxes before the due date thereof, or, in truth, to collect taxes in any way or manner or at any time not authorized by the law of Texas.

In order for any payment by a taxpayer to the tax collector to be a legal payment of taxes, it is necessary that the payment be made in currency. (See Bryan v. Sundberg, 5 Tex. 418; Austin v. Fox, 1 S. W. (2d) 601, and Davis v. Burney, 58 Tex. 364); the said collector, at the time of the payment to him by the taxpayer, must be either a valid incumbent of the Office of Tax Collector, or a de facto holder thereof, (See Odem v. Sinton I. S. D., 234 S. W. 1090; Schriber v. Culberson, 31 S. W. (2d) 659); the property on which the tax paid must have been previously entered on the tax roll, together with its value (See George v. Dean, 47 Tex. 73); and the assessing rolls must have been received by the Tax Collector from the Commissioners' Court in the case of a resident taxpayer, or from the Comptroller of Public Accounts in the case of a non-resident taxpayer, (See Texas & N. O. R. Co., v. State, 73 Civ. App. 580; Orange County v. Texas & N. O. R. Co., 35 Civ. App. 361, error refused; Allen v. Courtney, 24 Civ. App. 86).

The earliest day on which rolls can be delivered to the collector is the first day of October. (See Orange County v. Texas & N. O. R. Co., 35 Civ. App. 361, error refused).

The tax collector has no authority to collect taxes for the current year before the first day of October. (See Orange County v. Texas & N. O. R. Co., 35 Civ. App. 361, error refused).

In so much as the taxpayer is not authorized to pay, or the tax collector authorized to collect, taxes before the rolls are legally delivered to the tax collector, it is, therefore, plainly apparent that the tax collector is without authority to now collect the taxes for the year 1944 inquired about by you.

Our answer to the first question asked by you renders it unnecessary to answer the other question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 1, 1943

By

FIRST ASSISTANT
ATTORNEY GENERAL

Geo. P. Blackburn
Assistant

GCB:EP